[699 NYS2d 95]

In the Matter of BERTRAM A. SCOTT, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE SECOND AND ELEVENTH JUDICIAL DISTRICTS, Petitioner.

Second Department, November 29, 1999

**APPEARANCES OF COUNSEL**

*Robert H. Straus,* Brooklyn (*Robert J. Saltzman* of counsel), for petitioner.

## OPINION OF THE COURT

Per Curiam.

The Grievance Committee served the respondent with a petition containing eight charges of professional misconduct against him. After a hearing on May 20, 1999, at which the respondent failed to appear, notwithstanding a warning that such a failure might result in a forfeiture of his rights to present a defense and/or evidence in mitigation of the charges, the Special Referee sustained Charges One through Seven and did not sustain Charge Eight. The Grievance Committee now moves to confirm the Special Referee's report and to impose such discipline upon the respondent as the Court deems just and proper. The respondent has neither moved to disaffirm nor submitted any papers in opposition to the Special Referee's report.

Charge One alleged that the respondent engaged in conduct involving dishonesty, deceit, fraud, and misrepresentation in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]). In or about March 1995, the respondent was retained by Carmonesta Sergeant to represent her son, Clovis, in connection with an appeal from a criminal conviction. Ms. Sergeant gave the respondent $6,835, representing the respondent's legal fee of $5,000 and $1,835 for the purchase of the transcript. On or about January 26, 1996, the respondent received the transcript free of charge, pursuant to an application for poor person relief made by Clovis' prior counsel. The respondent failed to inform Ms. Sergeant that the transcript had been obtained free of charge.

Charge Two alleged that the respondent engaged in conduct involving dishonesty, deceit, fraud, and misrepresentation in violation of Code of Professional Responsibility DR 1-102 (A) (4) (22 NYCRR 1200.3 [a] [4]). Ms. Sergeant filed a complaint against the respondent on or about February 10, 1997. In his answer to the complaint, the respondent stated that he was very angry and confused after receiving the Sergeant complaint and decided to return all the money tendered to him. The respondent annexed to his answer a copy of a check drawn on his escrow account and payable to Carmonesta Sergeant in the amount of $6,835, which bore the notation "refund of legal fees". At the time he submitted the copy of the check to the Grievance Committee, the respondent had not tendered the check to the complainant.

Charge Three alleged that the respondent converted funds entrusted to him as a fiduciary incident to his practice of law

in violation of Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]). On or about October 16, 1996, the respondent deposited $5,000 into his attorney escrow account on behalf of an individual named Jackson. The respondent had been entrusted with those funds as a fiduciary incident to his practice of law. From October 16, 1996 through August 28, 1997, the respondent was required to maintain at least $4,100 in his attorney escrow account on behalf of Jackson.

On numerous occasions between October 16, 1996 and August 28, 1997, the balance in the respondent's escrow account fell below $4,100. The balance reached a low of $1,010.52 on August 19, 1997.

Charge Four alleged that the respondent converted funds entrusted to him as a fiduciary incident to his practice of law in violation of Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]). On or about August 22, 1997, the respondent deposited $10,000 into his attorney escrow account on behalf of another individual named Jackson. On or about August 28, 1997, before any disbursement on Jackson's behalf, a $3,835 check payable to the order of Carmonesta Sergeant cleared the attorney escrow account. Those funds were drawn against the funds entrusted to the respondent as a fiduciary on behalf of Jackson, thereby depleting the balance to $7,875.52. On or about December 1, 1997, before any disbursement on behalf of Jackson, the balance in the respondent's escrow account was depleted to $4,399.70.

Charge Five alleged that the respondent engaged in a pattern of commingling funds entrusted to him as a fiduciary incident to his practice of law with his business and personal funds in violation of Code of Professional Responsibility DR 9-102 (A) (22 NYCRR 1200.46 [a]). Between June 1995 and September 1997, the respondent issued multiple checks, drawn on his attorney escrow account, to pay for his business and personal expenses. Between June 1995 and September 1997, the respondent deposited personal funds and legal fees into his attorney escrow account. During that time, funds entrusted to the respondent as a fiduciary incident to his practice of law were on deposit in his attorney escrow account.

Charge Six alleged that the respondent made improper withdrawals of cash from his attorney escrow account in violation of Code of Professional Responsibility DR 9-102 (E) (22 NYCRR 1200.46 [e]). Between November 1995 and September 1997, the respondent made at least 24 cash withdrawals totalling $9,300, from his attorney escrow account using an automatic teller machine.

Charge Seven alleged that the respondent engaged in a pattern and practice of failing to properly maintain in his attorney escrow account funds entrusted to him as a fiduciary incident to his practice of law by depleting his attorney trust account so that it contained the following negative balances:

(1) On 11/30/94     $ -50.82

(2) On 4/12/95     -219.95

(3) On 8/31/95     -40,812.85

(4) On 10/18/95     -30.13

(5) On 10/25/95     -50.13

By reason of the foregoing, the respondent allegedly violated Code of Professional Responsibility DR 9-102 (B) (22 NYCRR 1200.46 [b]).

Based on the evidence adduced and the absence of any opposition by the respondent and his failure to appear at the scheduled hearing dates, the Grievance Committee's motion to confirm the Special Referee's report is granted.

In determining an appropriate measure of discipline to impose, we have considered the following observation by the Special Referee: "Respondent's failure to appear at the hearing and testify undercuts the possible credibility of his mitigation arguments of ineptitude and lack of expertise being the central cause of much of his difficulties. His careless and irresponsible conduct as an attorney after nine years in practice seems clearly demonstrated."

Other than submitting a written answer to the petition, the respondent failed to appear in this proceeding. He has admitted acts of conversion and commingling and failed to inform a client that he had received a free transcript of her son's criminal trial after he charged her $1,835 for its purchase.

Under the circumstances, the respondent is disbarred for his acts of professional misconduct.

MANGANO, P. J., BRACKEN, S. MILLER, O'BRIEN and GOLDSTEIN, JJ., concur.

Ordered that the petitioner's motion to confirm the Special Referee's report is granted; and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, the respondent, Bertram A. Scott, is disbarred, and

his name is stricken from the roll of attorneys and counselors-at-law; and it is further,

Ordered that the respondent shall continue to comply with this Court's rules governing the conduct of disbarred, suspended, and resigned attorneys (*see*, 22 NYCRR 691.10); and it is further,

Ordered that pursuant to Judiciary Law § 90, effective immediately, Bertram A. Scott is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or as agent, clerk, or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.